## Case No. 15,940.

UNITED STATES v. ONE HUNDRED AND THIRTY-THREE CASKS OF DISTILLED SPIRITS.

UNITED STATES v. TWO PACKAGES OF DISTILLED SPIRITS.

[1 Sawy. 188;[1] 11 Int. Rev. Rec. 191.]

District Court, D. California. June 7, 1870.

INTERNAL REVENUE—WHOLESALE LIQUOR DEALER—FORFEITURE.

1. The knowing and willful omission, neglect and refusal of the wholesale liquor dealer to cause packages of distilled spirits to be gauged, inspected and stamped, as required by section 25 of the act of July 20, 1868 [15 Stat. 136], expose the distilled spirits and liquors owned by the wholesale liquor dealer to the forfeiture denounced in the 96th section of the act.

[Cited in U. S. v. Four Thousand Eight Hundred Gallons of Spirits, Case No. 15,153; U. S. v. One Thousand Four Hundred and Twelve Gallons of Distilled Spirits, Id.

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

15,960; U. S. v. Two Hundred Barrels of Whiskey, 95 U. S. 575.]

2. The language of section 96 of the act of July 20, 1868, denouncing the forfeiture is not uncertain. "All distilled spirits or liquors owned by him shall be forfeited," is to be construed to mean all distilled spirits and liquors. It was not intended to discriminate between distilled spirits and liquors, and to create an alternative forfeiture of one exclusive of the other, but to include within the general term "liquors," whatever the more special term "distilled spirits" might not embrace.

3. The provisions of the 69th section of the act of July 20, 1868, do not apply to infractions of the provisions of the 45th section.

[These were libels of information against one hundred and thirty-three casks of distilled spirits, and two packages of distilled spirits; Funkenstein & Co., claimants.]

W. W. Morrow, Asst. U. S. Dist. Atty.
Robert Harrison, for claimants.

HOFFMAN, District Judge. The demurrer to the informations in these cases, present two questions: 1st. Does the 25th section of the act of July 20, 1868, make it the duty of the wholesale liquor dealer, whenever any cask or package of distilled spirits shall be filled for shipment, sale or delivery, on the premises of any wholesale liquor dealer, to cause the same to be gauged, inspected and stamped, as provided for in that section; and does the knowing and willful omission, neglect and refusal, to do so expose the spirits and liquors owned by the wholesale liquor dealer to the forfeiture denounced in the 96th section of the act? 2d. Do the provisions of the 96th section apply to infractions of the provisions of the 45th section?

1. The clause of the 25th section under which the forfeiture in these cases is supposed to have been incurred, is as follows: "Whenever any cask or package of distilled spirits shall be filled for shipment, sale, or delivery, on the premises of any wholesale liquor dealer, or compounder, it shall be the duty of a United States gauger, to gauge and inspect the same and place thereon an engraved stamp signed by the collector," etc., etc.

The 96th section provided, "that if any distiller, etc., shall knowingly and willfully omit, neglect, or refuse to do, or cause to be done, any of the things required by law in the carrying on or conducting of his business, or shall do anything by this act prohibited * * * all distilled spirits or liquors owned by him, or in which he has any interest as owner, * * * shall be forfeited to the United States."

The question thus arises: Has the liquor dealer in this case knowingly and willfully omitted, neglected, or refused to do, or cause to be done, any of the things required by law in the carrying on or conducting his business?

The duty of inspecting, gauging, and stamping, is that of the gauger. But the inspecting, gauging, and stamping, are clearly "things required by law in the carrying on of the business."

These it was the duty of the liquor dealer to cause to be done, by calling on the gauger to perform his duty, and the information charges that the liquor dealer has knowingly and willfully neglected to cause them to be done. When the statute makes the neglect to cause a thing to be done an offense, it is clear that the thing is to be done by some other person than the offender, and that the guilt of the latter consists in his neglecting to procure the services of the former.

If, then, this clause of the 96th section is to have any operation, it must apply to a case like the present, where the liquor dealer has neglected to cause to be done one of the most important things required by law in the conducting, and carrying on of his business, viz: the inspection, gauging, and stamping of his casks.

If the 96th section is to be construed as applying only to omissions to do any of those things which the law expressly makes it the duty of the offender to do, the phrase "or cause to be done" would be inoperative. The insertion of that phrase seems to indicate the intention of congress to make the omission to cause to be done any of the things required by law, an offense in cases where it is not the duty of the offender himself to do them; and in this view, the words "knowingly and willfully" find an appropriate place in the statute; for they restrict the operation of the statute to those cases where the offender, knowing what is required by law in the carrying on of his business, and what are the duties to be performed by the gauger, willfully neglects to call upon or notify him to perform them, and thus "omits to cause to be done the things required by law in the carrying on of his business."

I am aware that on this question there is a conflict of authority.

A construction similar to that adopted above, was given to the statute by Judge Hall, of the United States district court for the Northern district of Mississippi,—U. S. v. One Rectifying Establishment [Case No. 15,952],—while an opposite view was taken by Judge Ballard, of the United States district court for the district of Kentucky.

It is, therefore, not without doubt that I announce my conclusion.

It is also objected, that the ninety-sixth section is inoperative for uncertainty, the language being, "all distilled spirits or liquors owned by him shall be forfeited."

I do not find that the objection has been taken in any reported case. The meaning of the statute is unmistakable, and the word "or" is to be construed to mean "and," or the phrase is to be taken to be one of those pleonasms so common in legal phraseology, where a second and more general word is introduced, out of abundant caution to cover and include whatever by possibility may not be embraced by the first.

It was not intended to discriminate between "distilled spirits" and "liquors" and to create an alternative forfeiture of one exclusive of the other, but to include within the general term "liquor" whatever the more special term "distilled spirits" might not embrace. But all the articles under either denomination are to be forfeited.

The demurrers to the first and second counts of each of the informations are therefore overruled.

The third count in each of the informations is admitted to be defective, and the demurrers are sustained.

The objection to the fourth count in each information is also well taken.

The informations are based upon the idea, that the provisions of the ninety-sixth section can be applied to infractions of the provisions of the forty-fifth section.

The penalties and forfeitures imposed by the ninety-sixth section are, by its terms, limited to those cases "where no specific penalty or punishment is imposed by any other section of the act for the neglecting, omitting, or refusing to do, or for the doing, or causing to be done, the things required or prohibited."

But the forty-fifth section does provide a specific penalty and punishment for the violation of its provisions. The ninety-sixth section can, therefore, have no application to cases arising under that section.

On this point I have nothing to add to the very clear and conclusive argument contained in the opinion of Mr. J. Hall, already cited.

It is further objected to the information against two packages of distilled spirits, that they are not averred to be liquor or distilled spirits. But the seizure of two packages of distilled spirits is distinctly alleged, and the goods are described as such throughout the information. The averments seem to me sufficient, as are also those relating to the ownership of the property, and the time of the commission of the offenses.